IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Jul 03, 2014

| | |
|---|---|
| IN RE:<br><br>KENEUTH R. DAVIS and CAMILLE S. DAVIS,<br><br>Debtors. | Case No. 97-05800-M<br><br>Chapter 7 |
| KENEUTH R. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA ex rel. UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adv. No. 13-01060-M |

## MEMORANDUM OPINION

The United States Bankruptcy Code contains many potent remedies, but none are more powerful than the order of discharge. A discharge order operates as a permanent injunction, preventing creditors from pursuing a debtor for debts that existed prior to the filing of his or her bankruptcy case. Various types of debt can, however, be excepted from discharge. In some cases, a creditor must petition the bankruptcy court for a determination that their debt is not discharged. Other types of debt are automatically excepted from discharge. In addition, there are times when the debtor must seek a determination that a debt is subject to discharge. The narrow question before the Court today is whether an order of discharge is effective against a student loan obligation when a debtor does not file an adversary proceeding asking a bankruptcy court for a determination that the student loan debt be discharged. We need not look far for the answer. The following findings

of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7052.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[1]  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a).  This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (I).

## Summary Judgment Standard

In a recent pronouncement, the United States Court of Appeals of the Tenth Circuit held that

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove,* 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quotation omitted).[2]

Under this standard, the Court will view the facts in the light most favorable to the non-moving party, the Plaintiff herein, resolving all factual disputes and reasonable inferences in his favor.[3]

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[2] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

[3] *Id.  See also Tolan v. Cotton*, __ U.S. __, 134 S. Ct. 1861, 1868 (2014) (Courts must "adhere to the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party.").

**Findings of Fact**

This matter arises out of the 1997 Chapter 7 bankruptcy case of Keneuth R. Davis ("Davis" or "Plaintiff")  and Camille S. Davis (jointly, the "Debtors").[4]  The Court has reviewed the evidence presented to it and finds that the material facts in this adversary proceeding are not in genuine dispute.  The facts presented in a light most favorable to Davis are as follows:

Debtors filed an original petition for relief under Chapter 7 of the United States Bankruptcy Code on December 15, 1997 (the "First Case").[5]  In their schedules, Debtors listed a student loan debt owed to Sallie Mae in the amount of $34,000 (the "Original Loan").  The Original Loan was a loan made, insured, or guaranteed by a governmental unit.  Sallie Mae received notice of the First Case.  The Original Loan "first became due more than seven years (exclusive of any applicable suspension of the repayment period) before the date of the filing" of the First Case.[6,7]  Prior to the instant proceeding, no adversary proceeding regarding the Original Loan was ever filed, and no court has been asked to rule on its dischargeability.

---

[4] The case was reopened on September 11, 2013, in order to allow Davis to file this adversary proceeding.  *See* Case No. 97-05800-M, *at Docket No. 101.*

[5] *Case No. 97-05800-M.*  It appears that at least two other bankruptcy cases have been filed by these Debtors in the years since 1997.  The effect of those cases upon the dischargeability of the Original Loan is not presently before the Court.

[6] This is the Court's understanding of the factual basis for Davis's assertion that the Original Loan "satisfied the requirements of 11 U.S.C. § 523(a)(8)(A)." *See* Complaint, *at Docket No. 1*, at 2 ¶ 9.  While the Court may not agree with the legal conclusion that Davis draws from this assertion, it will draw a factual inference from the statement in favor of Davis.

[7] Defendant asserts that Davis signed a contract to consolidate the Original Loan in 1992, within the seven years prior to the filing of the First Case.  As evidenced by his responses for admission, Davis denies signing such a contract.  *See* Plaintiff's Responses to the United States of America's First Set of Discovery Requests, *at Docket No. 11-3*, Exhibit C, Requests for Admission Nos. 1–7.

A general discharge was entered in the First Case on March 16, 1998. A final decree was entered and the case was closed on December 9, 1999. The Original Loan was transferred by Sallie Mae to the United States Department of Education ("Defendant") sometime after March 16, 1998. Subsequent to the closing of the First Case, the Defendant engaged in continued efforts to collect the Original Loan. In 2003, Davis executed a promissory note and obtained a Federal Direct Consolidation Loan from the Defendant under the William D. Ford Direct Loan Program (the "2003 Consolidation Loan").[8] On August 25, 2013, Davis moved to reopen the First Case in order to file this adversary proceeding, which asks the Court for a determination that the Original Loan was discharged in the First Case under the general discharge of March 16, 1998.

## Conclusions of Law

The dischargeability of student loans in bankruptcy is governed by § 523(a)(8). Section 523(a)(8) creates an exception to the general discharge provided under § 727(a).[9] At the time the First Case was filed, § 523(a)(8) provided:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> > (8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

---

[8] *See* Plaintiff's Response to the United States of America's Motion for Summary Judgment, *at Docket No. 15*, at 1.

[9] *See* § 727(b) ("*Except as provided in section 523 of this title*, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter[.]") (emphasis added); § 523(a) ("A discharge under section 727 . . . of this title *does not* discharge an individual debtor from any debt—(8) for an educational loan made, insured, or guaranteed by a governmental unit[] . . . unless . . .") (emphasis added).

> (A) such loan first became due before seven years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition, or
>
> (B) excepting such debts from discharge under this paragraph will impose an undue hardship on the debtor or the debtor's dependents[.][10]

Sections 523(a)(8)(A) and (B) are exceptions to the general nondischargeability of qualifying student loan debt. The Senate Report discussing § 523(a)(8) as originally enacted stated that "[t]his provision is intended to be *self-executing* and the lender or institution is *not required* to file a complaint to determine the nondischargeability of any student loan."[11] Numerous courts, including the Supreme Court of the United States, have confirmed that "self-executing" means that student loan debts made or guaranteed by government units are *not* subject to a general discharge order unless the debtor *affirmatively* secures a determination that the debt is not discharged under one of the exceptions to § 523(a)(8).[12] In the absence of an adversary proceeding brought by the debtor to determine the dischargeability of the debt, debts that fall within the ambit of § 523(a)(8) are not discharged.

---

[10] 11 U.S.C. § 528(a)(8) (1988), as amended by the Crime Control Act of 1990, Pub. L. No. 101–647 §§ 3621, 3631, 104 Stat. 4789, 4964–65, 4966, Nov. 29, 1990. *See, e.g., U.S. v. McGrath*, 143 B.R. 820, 821–22 (D. Md. 1992); *Bachner v. Illinois ex rel. Ill. Student Assistance Comm'n (In re Bachner)*, 165 B.R. 875, 880 (Bankr. N.D. Ill. 1994).

[11] S. Rep. No. 95-989, at 79 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5865 (emphasis added). As originally enacted, § 523(a)(8) allowed for the discharge of loans that first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.

[12] *See Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 449–50 (2004); *Clarke v. Paige (In re Clarke)*, 266 B.R. 301, 308 (Bankr. E.D. Pa. 2001) ("Significantly, Congress has placed the burden upon the debtor, not the creditor, to bring an action to dispute the nondischargeability of an educational loan, for such loans are 'nondischargeable by operation of law until the debtor seeks and receives a determination to the contrary.'") (quoting *Lester E. Cox Med. Ctrs. v. Penn (In re Penn)*, 262 B.R. 788, 789 (Bankr. W.D. Mo. 2001)).

There are two remaining claims for relief stated in the Complaint filed in this action.[13] The first asks for a determination from this Court that the Original Loan *was discharged* as a result of the general discharge entered in the First Case on March 16, 1998. As a loan made, insured, or guaranteed by a governmental unit, the Original Loan fell within the § 523(a)(8) exception to general discharge. To date, no proceeding has been brought requesting that this Court determine the dischargeability of that debt.[14] Therefore, as it stands today, the Original Loan has not been discharged. Defendant is entitled to summary judgment with regard to the first claim.

The second claim alleges that various actions of Defendant subsequent to March 16, 1998, constituted violations of the discharge injunction of § 524. The Court finds that any actions taken by Defendant subsequent to March 16, 1998, to collect the Original Loan cannot be in violation of § 524 where that debt was not subject to the discharge under § 727(a). Defendant is also entitled to summary judgment with regard to the second claim.

Contrary to statements made by Defendant in its Answer and the Motion, the Complaint does not seek a determination of the *dischargeability* of the Original Loan. Davis only seeks a determination regarding whether the Original Loan was *discharged* by the discharge order issued on March 16, 1998, in the First Case. The Court's decision does not reach the issue of whether, in the appropriate context, the Court might find that one of the exceptions to § 523(a)(8) apply to the Original Loan. Nor does it reach the question of whether the Original Loan was extinguished by the

---

[13] An Order dismissing claims 3–6 was entered in this action on July 3, 2014, *at Docket 19*.

[14] The Court notes that in such a proceeding, it is the debtor's burden to show that one of the exceptions to the general rule of nondischargeability of a student loan applies. *See Bachner v. Illinois ex rel. Ill. Student Assistance Comm'n (In re Bachner)*, 165 B.R. 875, 880–81 (Bankr. N.D. Ill. 1994).

2003 Consolidation Loan. Those questions are left to another day.

## Conclusion

The United States' Motion for Summary Judgment is granted with respect to the first and second claims. This adversary proceeding is dismissed with prejudice. A separate judgment consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 3rd day of July, 2014.

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

6759.3